IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Mar 19 2019
U.S. DISTRICT COURT
Northern District of WV

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

Civil Action No. 1:19-cv-61 (Kleeh)
_____

CHASITY D. WASSICK-MAYHEW

      Defendant.

## COMPLAINT

The United States of America, through counsel, hereby alleges and states as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1345.

## PARTIES

2. The plaintiff in this matter is the United States of America, acting for and on behalf of the United States Department of Health and Human Services ("HHS").

3. The defendant in this matter is Chasity D. Wassick-Mayhew, a West Virginia resident.

## FACTS

4. On June 4, 2008, Wassick-Mayhew signed a contract to participate in the HHS Nursing Scholarship Program ("NSP") for the 2008-2009 academic year. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 2, NSP Contract.

5. On September 23, 2008, HHS awarded Wassick-Mayhew a scholarship for the 2008-2009 academic year. Exhibit 2, NSP Contract at 2 (reflecting that the HHS Secretary signed the contract and approved the scholarship on September 23, 2008).

6. HHS awarded Wassick-Mayhew continuing scholarship awards for the 2009-2010 academic year and the 2010-2011 academic year. Exhibit 1, Certificate of Indebtedness ($63,606.24 total

debt); Exhibit 2, NSP Contract.

7.  For academic years 2008-2009, 2009-2010, and 2010-2011, HHS paid funds to Wassick-Mayhew as detailed in Chart 1 below. *See* Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 3, Certificate of Indebtedness ($9,367.87 total debt); Exhibit 4, HHS Payment Record.

| CHART 1 - HHS DISTRIBUTION TO WASSICK-MAYHEW | | | |
|---|---|---|---|
| **ACADEMIC YEAR** | **STIPEND** | **COSTS** | **TOTAL** |
| 2008-2009 | $12,330 | $1,795 | $14,125 |
| 2009-2010 | $15,228 | $1,848 | $17,076 |
| 2010-2011 | $15,468 | $1,931 | $17,399 |
| **TOTAL** | **$43,026** | **$5,574** | **$48,600** |

8.  HHS paid the aforementioned funds to Wassick-Mayhew on the condition that she remain enrolled as a full-time student until she completed the course of study for which HHS awarded the scholarship. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 2, NSP Contract (Page 1, Section B, Paragraph 2).

9.  Wassick-Mayhew signed a contract with HHS in which she agreed to remain enrolled as a full-time student until she completed the course of study for which HHS awarded the scholarship and to promptly notify HHS in writing if her graduation date was delayed by a leave of absence, if she withdrew from courses, or if she withdrew from school. Exhibit 2, NSP Contract (Page 1, Section B, Paragraphs 2 and 3).

10. Wassick-Mayhew took a leave of absence from school for the fall 2010 semester. She was scheduled to return to school for the fall 2011 semester, but she extended her leave of absence. She applied to return to school for the fall 2012 semester, but decided not to return. *See* Exhibit 3, Certificate of Indebtedness ($9,367.87 total debt).

11. On August 3, 2012, Wassick-Mayhew voluntarily withdrew from nursing school. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 3, Certificate of Indebtedness

($9,367.87 total debt).

12. Because Wassick-Mayhew took a leave of absence and withdrew from classes for a portion of the 2010-2011 academic year, HHS calculated that it had overpaid Wassick-Mayhew by $8,699.50 for the portions of that year during which she was not an active nursing student. As detailed in Chart 2 below, the remaining $39,900.50 that HHS paid to Wassick-Mayhew reflected scholarship award payments to which Wassick-Mayhew had been entitled to as an active nursing student. *See* Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 3, Certificate of Indebtedness ($9,367.87 total debt); Exhibit 4, HHS Payment Record.

| CHART 2 - OVERPAYMENT | |
|---|---|
| $48,600.00 | total award |
| - $8,699.50 | overpayment |
| $39,900.50 | entitled award |

13. Where a nursing scholarship program participant voluntarily terminates the nursing program, the participant is liable to the federal government for the scholarship award plus interest at the maximum legal prevailing rate. 42 U.S.C. § 297n(g)(1)(A). That amount is due within three (3) years after the participant defaults. 42 U.S.C. § 297n(g)(3).

## COUNT 1

14. The United States of America incorporates by reference all preceding paragraphs.

15. On June 26, 2013, HHS notified Wassick-Mayhew that she had defaulted on the terms and conditions of her NSP contract. Specifically, Wassick-Mayhew defaulted on August 3, 2012 when she voluntarily withdrew from nursing school. HHS informed her that the principal amount of $39,900.50 (the entitled award described in Paragraph 12 above) plus interest was due in full by August 3, 2015, three (3) years after the default. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 5, June 26, 2013 Letter.

16. On July 3, 2015, HHS reminded Wassick-Mayhew that her debt, including the principal amount of $39,900.50 (the entitled award described in Paragraph 12 above) plus interest, was due in full by August 3, 2015.  HHS advised Wassick-Mayhew that if she failed to pay, her debt might be referred to a private collection agency, the United States Department of Treasury for available offsets, and/or to the United States Department of Justice for enforced collection. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 6, July 3, 2015 Letter.

17. On November 28, 2015, HHS advised Wassick-Mayhew that it had referred her debt to a private collection agency. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 7, November 28, 2015 Letter.

18. By letters dated December 4, 2015 and July 7, 2017, HHS informed Wassick-Mayhew that her account was seriously delinquent and that HHS intended refer the debt to other federal agencies for the purpose of administrative offset. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 8, December 4, 2015 Letter; Exhibit 9, July 7, 2017 Letter.

19. On August 11, 2018, HHS sent Wassick-Mayhew a final notice regarding the delinquent debt. HHS informed Wassick-Mayhew that if she did not make a payment within thirty (30) days, HHS would refer the debt to the United States Department of Treasury for available offsets, and/or to the United States Department of Justice for enforced collection. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt); Exhibit 10, August 11, 2018 Letter.

20.  As of November 27, 2018, Wassick-Mayhew had paid $4,035.50 toward the debt described in Paragraphs 14 through 20 above and still owed a total of $63,606.24, as detailed in Chart 3 below. Exhibit 1, Certificate of Indebtedness ($63,606.24 total debt).

| CHART 3 – CERTIFICATE OF INDEBTEDNESS ($63,606.24 TOTAL DEBT) | |
| --- | --- |
| Principal | $39,900.50 |
| Interest | $23,705.74 |
| **TOTAL** | **$63,606.24** |

## COUNT 2

21. The United States of America incorporates by reference all preceding paragraphs.

22. As detailed in Paragraphs 4 through 12 above, HHS overpaid Wassick-Mayhew by $8,699.50 for portions of the 2010-2011 academic year during which Wassick-Mayhew was not an active nursing student. Exhibit 3, Certificate of Indebtedness ($9,367.87 total debt); Exhibit 4, HHS Payment Record.

23. On June 7, 2013, HHS instructed Wassick-Mayhew to repay the overpayment debt within thirty (30) days. Exhibit 3, Certificate of Indebtedness ($9,367.87 total debt); Exhibit 11, June 7, 2013 Letter.

24. On February 25, 2015 and March 26, 2015 HHS reminded Wassick-Mayhew of her obligation to repay the overpayment debt. *See* Exhibit 12, February 25, 2015 Letter; Exhibit 13, March 26, 2015 Letter.

25. On November 20, 2015, HHS informed Wassick-Mayhew that it had suspended collection of the overpayment debt while she filed for bankruptcy. However, HHS further informed Wassick-Mayhew that the debt was not discharged as part of the bankruptcy proceeding and that she was still responsible to pay the overpayment debt. *See* Exhibit 14, November 20, 2015 Letter.

26. On December 4, 2015, HHS again notified Wassick-Mayhew that her account was delinquent. *See* Exhibit 15, December 4, 2015 Letter.

27. On August 10, 2018, HHS sent Wassick-Mayhew a final notice regarding the delinquent overpayment debt. HHS informed Wassick-Mayhew that if she did not make a payment within sixty (60) days, HHS would refer the debt to the United States Department of Treasury for available offsets, and/or to the United States Department of Justice for litigation. Exhibit 3,

Certificate of Indebtedness ($9,367.87 total debt); Exhibit 16, August 10, 2018 Letter.

28. As of November 27, 2018, Wassick-Mayhew had paid $4,025.51 toward the debt described in Paragraphs 22 through 27 above and still owed a total of $9,367.87, as detailed in Chart 4 below. Exhibit 3, Certificate of Indebtedness ($9,367.87 total debt).

| CHART 4 – CERTIFICATE OF INDEBTEDNESS ($9,367.87 TOTAL DEBT) | |
| --- | --- |
| Principal | $8,415.89 |
| Interest | $951.98 |
| **TOTAL** | **$9,367.87** |

WHEREFORE, the United States of America respectfully requests that this Court enter judgment against Chasity D. Wassick-Mayhew in the amount of $72,974.11 plus costs, prejudgment interest to the date of judgment, and such further relief as the Court deems appropriate. The United States of America further respectfully requests that, pursuant to 28 U.S.C. § 1961(a), interest on the judgment continue to accrue at the legal rate until paid in full.

Respectfully Submitted,

William J. Powell
United States Attorney

By:   /s/ Tara N. Tighe
Tara N. Tighe
WV Bar No. 12931
Assistant United States Attorney
P.O. Box 591
1125 Chapline Street
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0112